## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICTOF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ARGONAUT INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  4:20-cv-01024 |
| | ) | |
| KICKHAM BOILER & ENGINEERING, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Serve:  Missouri Secretary of State | ) | |
| 600 West Main Street, Room 322 | ) | |
| Jefferson City, Missouri, 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LESTER AND LINDA RUCH, | ) | |
| | ) | |
| Serve:  4686 Victoria Road | ) | |
| Festus, Missouri, 63028 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Argonaut Insurance Company, by and through the undersigned counsel, and petitions this Court for a declaratory judgment, and in support of which states as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.      This is an action seeking declaratory relief, brought pursuant to 28 U.S.C. § 2201 *et seq.*

2.      The United States District Court has jurisdiction in this matter pursuant to 21 U.S.C. § 1332. The allegations of Plaintiff in the underlying action against Defendant Kickham Boiler &

Engineering, Inc. ("Kickham") requests actual, special, and punitive damages. Moreover, Kickham's claim under the insurance policy that is the subject of this dispute, if applicable, would afford both indemnity and defense costs that, when combined, could or may exceed $75,000, exclusive of interests and costs. There are no limitations on the recovery for the claims made in the underlying action that would limit recovery to an amount not in excess of $75,000. Lastly, the policy at issue possesses a policy limit of $1,000,000. As such, the amount in controversy as between the parties to this action exceeds $75,000.00.

3.      Plaintiff Argonaut Insurance Company ("Argonaut") is deemed a citizen and resident of the State of Illinois in that it is, and at all times material to this lawsuit was, an insurance company with its principal place of business in Chicago, Illinois.

4.      Defendant Kickham Boiler & Engineering, Inc. ("Kickham") is a citizen and resident of the State of Missouri in that it is, and at all times material to this lawsuit was, a corporation incorporated in the State of Missouri with its principal place of business in St. Louis, Missouri.

5.      Defendants Lester and Linda Ruch are Jefferson County, Missouri residents (the "Underlying Plaintiffs"). As such, there is complete diversity among all parties.

6.      The Underlying Plaintiffs filed a lawsuit against Defendant Kickham in Illinois State Court under the cause number 18 L 840 (the "Underlying Civil Lawsuit"). Mr. Ruch also filed a Workers' Compensation claim in Missouri, Injury Number 18-081396 (the "Workers' Compensation claim"). As such, they are necessary parties to this litigation. A copy of the current complaint therein is attached and incorporated herein by reference as **Exhibit A**. A copy of the Workers' Compensation Claim is attached hereto and incorporated herein by reference as **Exhibit B**.

7.     Plaintiff Argonaut issued to Kickham a policy of insurance described in more detail below.

8.     Defendant Kickham has requested coverage under its insurance Policy, and this Court's resolution of the application of that Policy will resolve all disputes between the parties regarding the parties' obligations under the Policy, and therefore there is a ripe and justiciable controversy appropriate for this Court's declaratory review.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant Kickham resides in St. Louis County within the Eastern District of Missouri, and all Defendants are residents of Missouri, and because a substantial part of the events or omissions by Kickham giving rise to the claim occurred in St. Louis, within the Eastern District of Missouri.

## GENERAL ALLEGATIONS

10.     Plaintiff issued to Defendant Kickham several policies of workers compensation insurance over a number of years.

11.     The policies, by policy number and policy period, are as follows:

   a.   WC 89-396-004701-4: 7-22-1981 through 7-22-1982;

   b.   WC 89-408-004701-4: 7-22-1982 through 7-22-1983;

   c.   WC 89-420-004701-4: 7-22-1983 through 7-22-1984;

   d.   WC 47-696-826903-4: 7-22-2006 through 7-22-2007;

   e.   WC 47-708-826903-4: 7-22-2007 through 7-22-2008;

   f.   WC 47-720-826903-4: 7-22-2008 through 4-1-2009; and,

   g.   WC 92-813-845214-4: 4-1-2016 through 4-1-2017.

12.     Mr. Ruch's Workers' Compensation claim and the Underlying Civil Lawsuit both allege, essentially, that he has developed mesothelioma, diagnosed in April of 2018, as a result of

his work-related exposure to asbestos over the course of his decades-long career working in pipe fitting. *See generally* Exhibits A and B.

13.     In Count VII of the Underlying Plaintiffs' Fourth Amended Complaint, they allege negligence as against Kickham. Specifically, the Complaint alleges that Mr. Ruch worked at Kickham from 1965-1966 and again from 1984-1999 in St. Louis City, Missouri. *See* Exhibit A at pg 33.

14.     It is further alleged that Kickham directed Mr. Ruch to work at various industrial and commercial facilities in Illinois and Missouri, during which time Plaintiff was exposed to asbestos-containing pipe coverings, insulating cements, refractory, gaskets, packing, and other products, in the regular course of his employment with Kickham. *Id.*

15.     Mr. Ruch claims that as a result of that exposure, he now suffers from mesothelioma, diagnosed in April of 2018, at which time he "became aware that the same was wrongfully caused." *Id.*

16.     Kickham ceased business operations in September of 2016. *See*

17.     Mr. Ruch further alleges that Kickham did not carry workers' compensation insurance, nor self-insure its workers compensation liability, and thereby exposed itself to suit. *Id.*

18.     Substantially the same material allegations were made in the Workers' Compensation claim. *See* Exhibit B.

19.     Policies numbered WC 89-396-004701-4, WC 89-408-004701-4, and WC 89-420-004701-4 all contained essentially identical covering language with respect to employers' civil liability relying on Form Number UND-692 R-8 attached hereto as Exhibit C.

20.     The covering language of those policies provides:

The company designated on named on the declarations page

(A Stock Insurance Company Herein Called the Company)

Agrees with the insured, named in the Declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the Declarations and subject to the limits of liability, exclusions, conditions and other terms of the policy:

**Coverage B – Employers' Liability**       To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom…

**III.   Definitions**

(c)   **Bodily injury by Accident; Bodily Injury by Disease**           The contraction of disease is not an accident within the meaning of the word "accident" in the term "bodily injury by accident" and only such disease as results directly from a bodily injury by accident is included within the term "bodily injury by accident." The term "bodily injury by disease" includes only such disease as is not included within the term "bodily injury by accident."

**IV.   Application of Policy**       This policy applies to injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by exposure, in the employment of the insured, to conditions causing the disease occurs during the policy period.

21.     Furthermore, the following exclusion is found in the policies relying upon Form Number UND-692 R-8:

This policy does not apply:

(e)     under Coverage B, to bodily injury by disease unless prior to thirty-six months after the end of the policy period written claim is made or suit is brought against the insured for damages because of such injury or death resulting therefrom.

22.     Under the terms of the policies relying up on Form Number UND-692 R-8, it is evident that there is no coverage for any of the losses referred in the underlying Complaint.

23.     Initially, based on the covering language, policies numbered WC 89-396-004701-4 and WC 89-408-004701-4 could never have applied to these claims because Lester Ruch was not employed by Kickham during the policy periods.

24.     Those policies cover the periods of 7-22-1981 through 7-22-1982 and 7-22-1982 through 7-22-1983, respectively.

25.     There is no allegation that Lester Ruch was employed by Kickham at those times.

26.     Therefore, bodily injury by accident and/or bodily injury by disease could not have occurred during either policy period.

27.     Furthermore, it is not clear that the policy period of policy number WC 89-420-004701-4, 7-22-1983 through 7-22-1984, is invoked by the allegations of the underlying Complaint because they are not specific as to the time of the employment.

28.     Nonetheless, policies numbered WC 89-396-004701-4, WC 89-408-004701-4, and WC 89-420-004701-4could never apply based on the exclusion of the said policies in that each of the said policies required that claims be brought within six months of the end of the policy period for coverage to apply.

29.     According the allegations of the Complaint, Ruch only discovered his injury in 2018.

30.     Obviously, no claim could have been made before that time.

31.     The latest date upon which a claim could have been made to trigger coverage under either policy number WC 89-396-004701-4, WC 89-408-004701-4, or WC 89-420-004701-4 would have been January 22, 1985.

32.     Based on this, there could be no coverage for the underlying Ruch Complaint under policies numbered WC 89-396-004701-4, WC 89-408-004701-4, and WC 89-420-004701-4.

33.     The remaining workers compensation insurance policies, policies numbered WC 47-696-826903-4, WC 47-708-826903-4, WC 47-720-826903-4, and WC 92-813-845214-4, all

rely on a different policy form, form WC 00 00 00 C, a copy of which is attached hereto as Exhibit C.

34.     The policy form contains the following employer's liability coverage:

**PART TWO – EMPLOYERS LIABILITY INSURANCE**

**A. How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.  The bodily injury must arise out of and in the course of the injured employee's employment by you.
2.  …
3.  …
4.  Bodily injury by disease must be caused or aggravated by the conditions of your employment. <u>The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period</u>.

*See* Exhibit D.

35.     Due to the language in Paragraph A.4. of the employers liability coverages in Part Two of the policy form WC 00 00 00 C, policies numbered WC 47-696-826903-4, WC 47-708-826903-4, WC 47-720-826903-4, and WC 92-813-845214-4 not afford coverage for the Underlying Civil Lawsuit.

36.     Mr. Ruch's last day of last exposure to the conditions causing or aggravating his mesothelioma occurred in 1999, while the policy period of the first of the policies relying on form WC 00 00 00 C, policy number WC 47-696-826903-4, did not begin until July 22, 2006.

37.     As such, the insuring agreements of the employers liability coverage in the policies relying on WC 00 00 00 C are not satisfied and there is no duty to defend nor indemnify Kickham in relation to the Underlying Civil Lawsuit under the Policy.

38.     In addition, with regard to Counts II (Conspiracy Count) and VIII (Willful and Wanton Misconduct—Consolidated Count), the policies relying on form WC 00 00 00 C state as follows:

### C. Exclusions

This insurance does not cover:

4.  Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;
5.  Bodily injury intentionally caused or aggravated by you;

*See* Exhibit D.

39.     Count II alleges that Mr. Ruch's bodily injury by disease (mesothelioma/cancer) was a direct and proximate result of Kickham Boiler's intentional acts to conspire with other Defendants, both before and during his exposure to asbestos, in such a way that Mr. Ruch was rendered unaware that such exposure was hazardous and in intentionally failing to take precautions to prevent the disease.

40.     Count IV alleges Mr. Ruch's bodily injury by occupational disease was caused by conduct intentionally designed to injure Mr. Ruch.

41.     The exclusion contained in Paragraph C.5. of both the Policy expressly excludes from coverage any bodily injury intentionally caused or aggravated by Kickham Boiler. Therefore, there is no possibility of coverage for these claims, and thus there is no duty to defend nor indemnify Kickham Boiler in relation to these claims on this basis as well.

42.     Moreover, to the extent that any obligations for this injury are imposed by workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law, coverage is similarly excluded under the Policy by operation of Exclusion C.4.

43.     Lastly, any claim for punitive damages is not insurable as a matter of Missouri public policy under any of the policies at issue.

WHEREFORE, Plaintiff Argonaut Insurance Company prays that the Court enter Judgment as follows:

A.     Declaring that there is no possibility of coverage for Kickham Boiler & Engineering, Inc. under the Policy or any of the additional policies referenced in Paragraph 10, above, in relation to Mr. Ruch's Missouri Workers' Compensation claim, Injury Number 18-081396, and therefore Plaintiff has no duty to defend nor indemnify Kickham under the Policy in relation to that claim.

B.     Declaring that there is no possibility of coverage for Kickham Boiler & Engineering, Inc. under the Policy or any of the additional policies referenced in Paragraph 10, above, in relation to the Ruchs' Underlying Civil Lawsuit pending in Madison County, Illinois, cause number 18 L 840, and therefore Plaintiff has no duty to defend nor indemnify Kickham under either policy in relation to that claim.

C.     Declaring the relevant rights and legal obligations of all parties hereto arising under the aforementioned insurance Policy.

D.     Awarding Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

RYNEARSON SUESS SCHNURBUSCH
CHAMPION, LLC.

BY:   /s/ Victor H. Essen, II
      Debbie S. Champion,          #38637MO
      Victor H. Essen, II          #57629MO
      500 North Broadway, Suite 1550
      St. Louis, MO 63102
      314-421-4430 / FAX: 314-421-4431
      dchampion@rssclaw.com
      vessen@rssclaw.com
      *Attorneys for Plaintiff*